UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE STACY SPEILLER, et al.,<br><br>    Defendants. | No. 2:21–cv–1035–TLN–KJN PS<br><br><u>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS</u><br><br>(ECF Nos. 1, 2.) |

Plaintiff, who proceeds without counsel in this action, requested leave to proceed in forma pauperis ("IFP").[1] See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). Plaintiff's affidavit makes the required showing, and so the request to proceed IFP is granted.

The determination a plaintiff may proceed in forma pauperis does not complete the required inquiry. Under Section 1915, the court must dismiss the case if it determines the allegation of poverty is untrue, if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against an immune defendant. Further, federal courts have an independent duty to ensure that federal subject matter jurisdiction exists. See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

However, federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Analysis**

Here, plaintiff's complaint is light on details, but provides enough information for the court to issue recommendations resolving her claim. Plaintiff listed five defendants: Judge Stacy Speiller, Judge Jared Beeson, Judge Freeland, and attorneys Tana Logan and Donna LaPorte. (ECF No. 1. at 2-4.) When the form complaint requests plaintiff list the federal statutes, treaties or provisions of the U.S. Constitution at issue, plaintiff simply wrote "no." (Id. at 4.) However, on the following page, plaintiff asserts as her statement of claim a "violation of the administrative procedures act of 1946." (Id. at 5.) Plaintiff requests $2.5 million in damages, and states "the conduct of the attorney[s] and judges causes the plaintiff past and future mental distress and emotional anguish." (Id. at 5-6.)

The purpose of the Administrative Procedures Act ("APA") is to provide for a broad spectrum of judicial review of an agency action. See Bowen v. Massachusetts, 487 U.S. 879, 901 (1988). Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. 5 U.S.C. § 702; see also § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). However, the APA applies only to federal agencies and "may not be used to review the actions of . . . state entities." Ealy v. United States, 120 Fed. Cl. 801, 805 (2015); see also 5 U.S.C. § 701(b)(1) (defining "agency" as an "authority of the Government of the United States." Hence, an APA claim asserted against state-level agencies is subject to dismissal as obviously without merit. See, e.g., Albra v. Bd. of Trustees of Miami Dade Coll., 296 F. Supp. 3d 181, 188 (D.D.C. 2018) (dismissing claim brought under APA against state public college).

Here, plaintiff's sole claim is brought under the APA against five defendants: three judges in the California Superior Court system and two private attorneys. Setting aside the judges are members of the state judiciary (and not a state agency), it is clear that none of the defendants are members of a federal agency. For this reason, plaintiff cannot maintain an APA claim against these defendants, and so the court should issue dismissal on this wholly-insubstantial and frivolous claim. Hagans, 415 U.S. at 537.

Further, the court is cognizant of its duty to provide an opportunity to cure defects in a complaint, especially with pro se plaintiffs. Lopez, 203 F.3d at 1130-31. However, it is clear to the undersigned that any such grant would be futile, and so the court also recommends leave to amend be denied. Cahill, 80 F.3d at 339. Taking judicial notice of the court's docket, this is not plaintiff's first filing with the court in recent years. In 2019, plaintiff filed a complaint against U.S. Bank N/A and related parties asserting "wrongful foreclosure" theories, but this case was dismissed in early 2021 under Rule 4(m) for failure to serve defendants. See Expose v. Fay Servicing, et al., 2:19-cv-01866-TLN-KJN. Plaintiff then refiled that case in April 2021, and awaits a ruling on her motion to proceed in forma pauperis. See Expose v. Fay Servicing, et al., 2:21-cv-699-TLN-JDP.

Then, in June of 2021, plaintiff filed three cases with this court. The first attempted to remove a case from the Superior Court, wherein the bank asserted an unlawful-detainer claim against plaintiff. See U.S. Bank N/A v. Expose, 2:21-cv-01055-KJM-JDP. Therein, plaintiff cited to actions taken by attorneys LaPorte and Logan. (See Id.) The district judge in that action has since remanded for lack of subject matter jurisdiction. (See Id.) Plaintiff filed another case in this court against U.S. Bank, which the assigned magistrate judge found duplicative of the 1055 action that was remanded. See Expose v. U.S. Bank N/A, 2:21-cv-01036-JAM-AC. The third June case is the instant one, against the two attorneys named in the remanded case and three judges assigned to plaintiff's case in Stanislaus County. The undersigned follows the same logic as expressed by Magistrate Judge Claire in the 1036 action, and finds that any amendment plaintiff could file would either be tied to the unlawful detainer case (which belongs in Superior Court) or to the 21-cv-699 action (as necessarily related to her wrongful foreclosure claim). See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a separate case under its inherent power to control its docket). Thus, allowing for amendment in this action would be futile. Cahill, 80 F.3d at 339. Simply, plaintiff's remedy for any complaints she has about the actions of the state-court judges are for the California court of appeal—not the federal courts.

///

Finally, the undersigned notes plaintiff's increasing use of the federal court to file what appear to be frivolous claims, or file claims on which she fails to follow the court's very clear instructions on simple matters of service of process. (See cases cited above.) Although plaintiff has a right to access the court system, her recent conduct in filing multiple, duplicative, and frivolous claims is fast approaching vexatiousness. Plaintiff is warned that, under the All Writs Act, 28 U.S.C. § 1651(a), district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Should plaintiff continue to abuse the court's judicial process, it may result in a pre-filing order that could restrict her ability to file cases in this court in the future.

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. Plaintiff's APA claim be DISMISSED WITH PREJUDICE;
2. Plaintiff be DENIED leave to amend; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, expo.1035